cause out of its regular order for "good and sufficient cause," the sufficiency of such cause is a question for the trial court and its decision will not be interfered with on review unless there has been a clear abuse of discretion.

2. TRIAL, § 31*—*when cause is properly advanced.* Held that the advancement for trial of a cause concerning an estate was proper where such estate would be damaged by the delay.

3. EXECUTORS AND ADMINISTRATORS, § 79*—*when assets may be recovered.* R. S. ch. 3, §§ 81, 82, J. & A. ¶¶ 130, 131, as to the collection of assets by administrators, does not limit recovery only to "identical property," and where a person charged with the duty of selling property and paying debts of a woman, only paid a portion of such debts, *held* that the administrator of such woman was entitled to recover the remainder of the proceeds arising from the sale of property.

4. EXECUTORS AND ADMINISTRATORS, § 226*—*when claim need not be probated.* In a proceeding by an administrator under R. S. ch. 3, §§ 81, 82, J. & A. ¶¶ 130, 131, to collect assets, where it appeared that an agent of the deceased was to be allowed a certain commission for selling property, it was not improper to allow the retention of such commission without forcing the agent to probate his claim.

## National Steam Heating Company, Appellee, v. William C. Moulton, Appellant.

### Gen. No. 17,886.   (Not to be reported in full.)

Appeal from the County Court of Cook County; the Hon CHARLES E. JENNINGS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Affirmed. Opinion filed October 15, 1913.

### Statement of the Case.

Action on contract by National Steam Heating Company, a corporation, against William C. Moulton. From a judgment for plaintiff for $588.90, defendant appeals.

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

LEWIS, FOLSOM & STREETER, for appellant.

THOMAS J. O'HARE, for appellee.

MR. JUSTICE DUNCAN delivered the opinion of the court.

### Abstract of the Decision.

1. EVIDENCE, § 223*—*when hearsay evidence is not admissible.* In an action for the recovery of a balance due for installing heating apparatus, where there was no evidence that plaintiff had damaged a boiler, or that such boiler was in fact damaged, *held* that a certain letter concerning the damage was not admissible in evidence, being merely hearsay and being the statement of third parties in their own interest.

2. INSTRUCTIONS, § 62*—*what facts may be assumed.* In an action for a balance due upon a contract for installing heating apparatus, *held* that the giving of an instruction which assumed that delay of the plaintiff in completing the work was caused by the defendant, or those working for him, was not prejudicial error even if not based on the evidence, since the plaintiff was entitled to recover, the defendant did not prove any defense either by way of set-off or recoupment and there was no damage due to delay.

---

### The University Club of Chicago, Appellee, v. Earl H. Deakin, Appellant.

### Gen. No. 18,009. (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Affirmed. Opinion filed October 15, 1913.

### Statement of the Case.

Action by the University Club of Chicago, a corporation, against Earl H. Deakin to recover balance

---

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.